IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE HADDAWAY, JR.,

   Plaintiff,

v.                                         Civil No.: BPG-18-1903

BALTIMORE COUNTY, MARYLAND,

   Defendant.

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Currently pending before the court are the pro se plaintiff's Motion Requesting Appointment of Counsel ("Motion") (ECF No. 25), defendant's Opposition to Motion to Appoint Counsel ("Opposition) (ECF No. 27), and plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion Requesting Appointment of Counsel ("Reply") (ECF No. 28). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiff's Motion is denied.

**I.**     **BACKGROUND**

Plaintiff has been employed by defendant as a Safety Officer since March 22, 2010. (ECF No. 1 at 5). Plaintiff alleges that he has been discriminated against based on his national origin, in violation of Title VII of the Civil Rights Act of 1964, "with respect to notifying the Bureau Chief regarding employee leave requests" as well as "call-out procedures, harassment, work assignments, reasonable accommodations, breach of confidentiality, and discipline. (ECF No. 1 at 6). He also alleges that he has been "retaliated against for engaging in protected activity with respect to harassment, work assignments, reasonable accommodations, and performance

1

evaluations in violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Ace [sic] Amendments Act of 2008." Id. As a result, plaintiff alleges that he has suffered "financial loss, humiliation, embarrassment, harrassment [sic], loss of self-esteem, weight gain, stress, anxiety, marital problems, depression and physical pain, which is continuing." Id. Plaintiff filed a discrimination charge with the Maryland Commission on Civil Rights ("MCCR") and Equal Employment Opportunity Commission ("EEOC") on October 31, 2016. (ECF No. 1 at 9). The EEOC issued a Notice of Right to Sue letter, which plaintiff received on April 4, 2018. (ECF No. 1 at 8). Plaintiff then filed the instant suit on June 25, 2018. (ECF No. 1 at 1). The discovery period closed on April 24, 2019 (ECF No. 8-1 at 1), and the parties represent that discovery has been completed (ECF No. 26 at 1).

## II. MOTION TO APPOINT COUNSEL

Plaintiff filed the instant Motion requesting that the court appoint counsel to represent him. He stated that he is unable to afford the services of an attorney and that he is unable to litigate the case on his own behalf, "because the belief [sic] the [d]efendant took advantage during [d]iscovery." (ECF No. 25 at 1). Specifically, he states that he mailed interrogatory and document production requests to defendant on February 4, 2019, but that defendant's responses where not mailed until March 29 and April 2, 2019. Id. Plaintiff further states that he made a diligent effort to employ counsel and contacted twelve attorneys or firms, as well as the Employment Lawyer Association and the Employment Law Hotline. (ECF No. 25 at 2). He further stated that he is unable to hire an attorney and that the attorneys he contacted were unwilling to work for a contingent fee. Id.

In response, defendant states that plaintiff's allegation that "[d]efendant took advantage during [d]iscovery" is untrue. (ECF No. 27 at 1). Specifically, defendant notes that plaintiff

2

advised that he did not receive the discovery in question when it was originally mailed, and that defendant then mailed it again. Id. Defendant also states that "it is a mystery how [p]laintiff has been able to portray himself as indigent since he earns just under $60,000.00 a year from [d]efendant, Baltimore County." Id. Defendant notes that, in civil actions, "the appointment of counsel should be allowed only in exceptional cases," United States v. $27,000.00, More or Less in U.S. Currency, 865 F. Supp. 339, 340 (S.D. W. Va. 1994) (citing Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 2960, 300–02 (1989)), and argues that there is no justification for appointing counsel in this particular case. (ECF No. 27 at 2–3). Defendant notes that "this is a garden variety ADA/Title VII case, and [p]laintiff is intimately familiar with the facts and appears to be more than capable of arguing his positions." (ECF No. 27 at 3).

In his Reply, plaintiff states that, while his maximum salary is $57,52300, he is "forced to take several days off a year without pay, due to [his] disability," and notes that his gross wages for 2018 were $44,678.69. (ECF No. 28 at 1). As to his ability to argue his positions, plaintiff states that he does not have the resources to present case law, and notes that he is not intimately familiar with federal and state anti-discrimination laws. (ECF No. 28 at 1–2). Plaintiff also reiterates his concern that defendant took advantage of him during discovery and states that defendant will not discuss a serious settlement. (ECF No. 28 at 2). Finally, plaintiff states that he does not have the experience necessary to present his case to a jury. Id.

The court may appoint counsel to pro se litigants in civil proceedings pursuant to 28 U.S.C. § 1915(e)(1), but "this is a discretionary function that is to be exercised only in exceptional circumstances." Teal v. Buckley, Civil No. GJH-14-2550, 2014 WL 6942313, at *2 (D. Md. Dec. 5, 2014) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). In Title VII cases, the court may appoint counsel under 42 U.S.C. § 2000e–5(f)(1), which allows appointment of counsel under

"such circumstances as the court may deem just." Id. "Whether a civil case warrants the appointment of counsel depends on the characteristics of the claim and the litigant." Id. (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). Counsel should be appointed "[w]hen an unrepresented litigant has a colorable claim but lacks the capacity to present it." Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978)). When considering whether to appoint counsel, "other courts have considered the plaintiff's financial ability to retain an attorney, the efforts of the plaintiff to retain counsel, and the merits of the case." Id. (citing Young v. Kmart, 911 F. Supp. 210, 211 (E.D. Va. 1996)). In Title VII cases, courts also consider the EEOC's conclusions regarding the claim. Id. (citing Garrison v. State of Md. Great Oaks Cntr., 850 F. Supp. 366, 368 (D. Md. 1994)).

Here, while the facts presented to the court are not frivolous from the reading of the Complaint (ECF No. 1), plaintiff has not provided sufficient information to establish that he has a colorable claim warranting appointment of counsel. See Teal, 2014 WL 6942313 at *3 (finding that complaint alleging racial discrimination was not frivolous solely from review of the complaint but was insufficient to support appointment of counsel). While the question of whether plaintiff presents a colorable claim will be tested for the first time in this court on defendant's anticipated summary judgment motion (ECF No. 26 at 1), I note that the EEOC stated that it was "unable to conclude that the information obtained establishes violations of the statutes." (ECF No. 1 at 12). Although I also note that plaintiff is proceeding in forma pauperis (ECF No. 3) and that plaintiff did attempt to retain counsel (ECF No. 25 at 2), I do not find that these factors are sufficient to warrant appointment of counsel at this time. Further, while plaintiff argues that defendant took advantage of him during discovery, defendant represents in its Opposition that this is not true, and I find no evidence to support this allegation on the record. Additionally, while plaintiff maintains

4

that he does not have the experience necessary to present this case to the jury, this issue is premature, as the case has not yet been set for trial.

Plaintiff argues that he is not intimately familiar with federal and state anti-discrimination laws but offers no other reason to question his ability to present his claim. Rather, upon review of plaintiff's previous filings, including plaintiff's Motion to Quash Subpoena (ECF No. 10) and the instant Motion, I find that plaintiff "has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so." Stokes v. Matteo, Civil No. RDB-11-3398, 2012 WL 5879131, at *3 (D. Md. Feb. 10, 2009) (finding that appointment of counsel was not warranted when the plaintiff was able to file pleadings and motions in support of his case, the issues pending were not unduly complicated, and no hearing was necessary to dispose of the case). See also Pridgen v. Dep't of Pub. Works/Bureau of Highways, Civil No. WDQ-08-2826, 2009 WL 10682242, at *2 (D. Md. Feb. 10, 2009) (denying motion for appointment of counsel and noting that the plaintiff "has shown his ability to prosecute his case by filing various motions"); Rollakanti v. Holy Cross Hospital, Civil No. PX-16-2914, 2017 WL 4457771, at *1 (D. Md. Feb. 6, 2017) (declining to appoint counsel and finding that the plaintiff "has submitted several pro se filings and appears capable of pursuing his claims"). In sum, plaintiff has not established that he lacks the capacity to present his claim. Accordingly, plaintiff's Motion is denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's Motion (ECF No. 25) is denied. A separate order will be issued.

May 24, 2019

/s/
Beth P. Gesner
Chief United States Magistrate Judge